**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TRAVIS RIGEL,

    Petitioner,

v.     No. Civ. 16-90 RB/SCY

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT, et al.,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Travis Rigel's pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. The Honorable Robert C. Brack referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 3. I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. I recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court. If, within thirty days, Petitioner does not provide evidence of exhaustion or does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

**I.     BACKGROUND**[1]

---

[1] Except as otherwise noted, all citations are to the state court record in CR 2009-01961 and/or the exhibits to Respondents' Answer. *See* Doc. 16-1, 16-2. The Court takes judicial notice of the state court records accessed through the Supreme Court of New Mexico's Secured Online Public Access service. *See Perea v. Hatch*, 2017 WL 3225484, at *1 (D.N.M. July 28, 2017).

1

Petitioner is in custody pursuant to a *Judgment, Partially Suspended Sentence and Commitment*, filed January 14, 2014, in the Second Judicial District Court for the State of New Mexico in consolidated Cause Nos. CR 2009-01961 and CR 2011-03826. Doc. 16-1, Ex. A.

a.  Underlying District Court Proceedings in CR 2009-01961 and CR 2011-03826

On April 20, 2009, a grand jury indicted Petitioner in CR 2009-01961 on fourteen counts in connection with the February 28, 2009 death of Felix Zamora. *See* Ex. BB. On August 18, 2011 -- while Petitioner was in custody awaiting trial in CR 2009-01961 -- a grand jury indicted Petitioner in CR 2011-03826 with one count of possession of a deadly weapon by a prisoner. *See* Ex. CC.

The next year, on June 29, 2012, Petitioner appeared before the district court for a change-of-plea hearing. Ex. B. At that time, Robert Tangora, Petitioner's third attorney, represented Petitioner in both cases. *Id*. The district court consolidated both cases for purposes of the plea hearing. Ex. C. At the start of the plea hearing, the State of New Mexico informed the district court that it was filing a criminal information in open court charging Petitioner with a new count in CR 2009-01961 for armed robbery (Count 15) in connection with Mr. Zamora's death. Ex. D; Ex. Y at 2. Petitioner waived a preliminary hearing and presentation to the grand jury on the armed robbery charge. Ex. E. The district court arraigned Petitioner on the armed robbery charge and then proceeded with the plea hearing. Ex. Y at 2-4.

Petitioner entered into a Plea and Disposition Agreement, which the district court approved. Ex. B. In CR 2009-01961, Petitioner pled guilty to second degree murder (Count 1), first degree kidnapping (Count 3), and second degree armed robbery (Count 15).[2] *Id*. In CR 2011-03826, Petitioner pled guilty to possession of a deadly weapon by a prisoner. *Id*.

---

[2] The remaining charges in CR 2009-01961 were dismissed under the terms of the plea agreement. Ex. B.

Petitioner's plea agreement included his signed statement that he "reviewed this matter and agree[s] that the plea and disposition are appropriate and are in the best interest of justice". *Id*. The plea agreement also included defense counsel's signed statement that:

> I have discussed this case with my client in detail and have advised the defendant of defendant's constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

*Id*. During the plea hearing, Petitioner stated he had "very thoroughly" discussed with Mr. Tangora the constitutional rights he was giving up by pleading guilty and described himself as "very satisfied" with Mr. Tangora's legal advice and legal representation. Ex. Y at 7-8.

Petitioner's sentencing hearing was scheduled for September 7, 2012. Ex. Z. The hearing was cut short after an individual brought illegal narcotics to the courtroom and allegedly attempted to pass the narcotics to Petitioner before the judge took the bench for the sentencing. *Id*.; *See also* Ex. G. The court continued Petitioner's sentencing to a later date and permitted Mr. Tangora to withdraw as defense counsel. *Id*. On December 19, 2012, Mark Earnest entered his appearance on behalf of Petitioner. Ex. K.

The State moved to void Petitioner's sentencing agreement based on the September 7, 2012 courtroom incident. Ex. G; Ex. Y at 4. Petitioner moved to withdraw his guilty plea, arguing in relevant part that: (1) if Mr. Tangora had pursued a motion to suppress filed by Petitioner's previous attorney,[3] he would not have pled guilty "because he had a good chance of prevailing on such a motion"; (2) he was not apprised of the nature of the armed robbery charge because it was filed on the day of the plea hearing; and (3) he was actually innocent of armed

---

[3] Petitioner's second appointed attorney, John McCall, filed a motion to suppress statements Petitioner made during a March 31, 2009 interview with police detectives regarding Mr. Zamora's death as well as any evidence discovered as a result of those statements. *See* Ex. L at 3. This suppression motion was pending at the time Petitioner pled guilty. *Id*.

3

robbery. Ex. L. After a hearing, the district court denied Petitioner's motion to withdraw his guilty plea as well as the State's motion to void the sentencing agreement. Docs. N, O.

On January 14, 2014, the district court entered judgment and sentenced Petitioner to a total consecutive[4] sentence of imprisonment of 51 years, of which 10 years were suspended, for an actual sentence of imprisonment of 41 years to be followed by 2 years on parole and 5 years of supervised probation. Ex. A. The court gave Petitioner credit for 1,577 days pre-sentence confinement as well as any post-sentence confinement prior to his transfer to the New Mexico Corrections Department. *Id*.

  b.  Appeal to New Mexico Court of Appeals and New Mexico Supreme Court

On February 12, 2014, Petitioner filed a direct appeal to the New Mexico Court of Appeals. Doc. Q. The sole issue Petitioner raised on appeal was that the district court erroneously denied his motion to withdraw his guilty plea. Doc. R. Petitioner argued that the district court should have granted the motion to withdraw because "he was not apprised of the nature of at least one of the crimes to which he was pleading guilty, specifically the armed robbery charge and he was, in fact, factually innocent of that charge." *Id*. at 9.

After the New Mexico Court of Appeals proposed summary affirmance, Petitioner filed a memorandum in opposition. Doc. S, Doc. T. In addition to the above arguments, Petitioner asserted that his trial counsel should have pursued the motion to suppress. Doc. T at 1-2. Petitioner acknowledged that Mr. Tangora testified at the hearing on the withdrawal motion "that he had advised [Petitioner] about what the offense of armed robbery entailed and that they had discussed such a plea prior to the date of the guilty plea hearing." *Id*. Mr. Tangora also testified

---

[4] The district court sentenced Petitioner to 15 years imprisonment for second degree murder, 18 years for kidnapping, 9 years for armed robbery, and 9 years for possession of a deadly weapon. The court ordered Petitioner to serve these sentences consecutively.

4

that "he did not pursue prior counsel's motion to suppress because he was focused on getting [Petitioner] the benefit of a plea deal." *Id*. at 2. In his briefing, Petitioner requested a "limited remand to permit an evidentiary hearing as to whether he experienced ineffective assistance of counsel." *Id*. at 2-3.

On December 16, 2014, the New Mexico Court of Appeals affirmed Petitioner's convictions, holding that the district court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea. Doc. U. The court noted that the district court held a hearing on the withdrawal motion "at which evidence was introduced establishing that [Petitioner] had been properly advised by counsel prior to the plea hearing." *Id*. at 2. The court determined that Petitioner failed to offer "any reason to believe that such consultation [with his trial counsel] was insufficient to allow [Petitioner] to understand the contents of the plea agreement, including the nature of the charges to which he pled and to enter a knowing and voluntary plea to those charges." *Id*.

In addition, to the extent Petitioner was "suggesting that his counsel provided ineffective assistance in connection with the plea", the court determined that the record was insufficient to address such a claim and that "the preferred procedure [wa]s to leave the matter for resolution in habeas corpus proceedings." *Id*. at 3.

Petitioner timely petitioned the New Mexico Supreme Court for a writ of certiorari limited to the question of whether the district court abused its discretion in denying his motion to withdraw the guilty plea. Ex. V. The New Mexico Supreme Court denied certiorari (Ex. W), and the mandate issued on April 22, 2015. Ex. X.

c. Petitioner's § 2254 Habeas Petition

On February 5, 2016, Petitioner filed the 28 U.S.C. § 2254 petition that is currently before this Court and the subject of this PFRD. Doc. 1. The Court construes Petitioner's claims as follows:[5]

1. **Claim 1: Motion to Withdraw Guilty Plea**:

    a. The district court erroneously denied Petitioner's motion to withdraw his guilty plea because he had insufficient time to consider how to plead to the armed robbery charge and he was factually innocent of armed robbery (Doc. 1 at 5, 7, 8, 18).

2. **Claim 2: Ineffective Assistance of Counsel**:

    a. The district court's denial of Petitioner's motion to withdraw his guilty plea "result[ed] in inadequate representation by the appointed attorney" (Doc. 1 at 5, 16).

    b. Mr. Tangora was ineffective due to his failure to pursue the motion to suppress (Doc. 1 at 6, 20).

    c. Mr. Tangora rendered ineffective assistance at the plea hearing because he "took no break to consult with [Petitioner] regarding the armed robbery charge" (Doc. 1 at 19);

    d. Mr. Tangora rendered ineffective assistance at the plea hearing because he advised Petitioner to enter a guilty plea on the armed robbery charge even though

---

[5] Because Petitioner is proceeding pro se, the Court construes his pleadings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

6

>> Petitioner "did not commit and in fact [was] innocent of" armed robbery (Doc. 1 at 20).

>  3. **Claim 3: Judicial Bias:**
>     a. There is possible "judge bias/conflict of interest" because the judge "felt disrespected personally" by the incident that took place in the courtroom on the day of Petitioner's initial sentencing hearing (Doc. 1 at 8).

In their answer, Respondents contend that Petitioner failed to exhaust his available state-court remedies as to all claims except Claim 1. *See* Doc. 16 at 6-7.

 d. Petitioner's State Habeas Proceeding

Approximately four months after Petitioner filed this federal habeas lawsuit, he filed a form *Motion to Amend Judgment and Sentence* in state district court. On June 15, 2016, the state court entered summary dismissal on all but one of the issues raised in Petitioner's motion to amend. The sole issue that survived was Petitioner's "claim of ineffective assistance of counsel based on his assertion that trial counsel should have pursued other avenues of defense, including a motion to suppress statements made to law enforcement." The district court indicated it would resolve this issue through a state habeas corpus proceeding and appointed counsel to represent Petitioner in that proceeding. The state district court has scheduled an evidentiary hearing in that proceeding for January 18, 2019.

## II. ANALYSIS

 a. The Exhaustion Requirement

A federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust state court remedies, a petitioner must

7

"properly present[]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In other words, "[t]o exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

A petition that contains only unexhausted claims can either be dismissed to allow the petitioner to return to state court to exhaust his claims, or denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); 28 U.S.C. § 2254(b)(2)). If a petition is a "mixed petition" in that it contains both exhausted and unexhausted claims, the petitioner may either return to state court to exhaust his unexhausted claims, or amend and resubmit his petition to submit only the exhausted claims in federal court. *Moore*, 288 F.3d at 1233 (citing *Rose*, 455 U.S. at 510). Federal "district courts may not adjudicate mixed petitions." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

b. Petitioner has presented a Mixed Petition

Respondents contend, and I agree, that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. There is no question that Petitioner has exhausted his claim that the district court erroneously denied his motion to withdraw his guilty plea (Claim 1).

However, Petitioner has failed to exhaust his ineffective assistance of counsel (Claim 2) and judicial bias (Claim 3) claims. Although Petitioner suggested ineffective assistance in his briefing before the New Mexico Court of Appeals,[6] Petitioner critically did not raise this claim in his certiorari petition to the New Mexico Supreme Court. The state's highest court was thus never given an opportunity to address the merits of this claim – i.e., to determine whether Petitioner's plea counsel's representation fell below an objective standard of reasonableness and prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (for a defendant to succeed on a claim of ineffective assistance of counsel, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "the deficient performance prejudiced the defense"). Nor did Petitioner raise his judicial bias claim at any point in his direct appeal. Although Petitioner is currently pursuing his ineffective assistance and judicial bias claims in a state habeas corpus proceeding, he failed to exhaust these claims *before* he filed this federal habeas petition. *See O'Sullivan*, 526 U.S. at 842 (stating that the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

The Court has four options when presented with a mixed petition. *Fairchild,* 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted). It may:

(1) Dismiss the mixed petition in its entirety;

(2) Stay the petition and hold it in abeyance while Petitioner returns to state court to exhaust his unexhausted claims;

(3) Permit Petitioner to dismiss the unexhausted claims and proceed with exhausted claims in this federal action; or,

---

[6] As noted earlier, the Court of Appeals did not address this claim due to an insufficient record and its preference that such claims be resolved in habeas corpus proceedings.

> (4) Ignore the exhaustion requirement altogether and deny the petition on the merits if none of Petitioner's claims has merit.

*Fairchild*, 579 F.3d at 1156. I recommend against the second and fourth options.

The Supreme Court disfavors the stay-and-abeyance procedure set forth in the second option. The Court has stated, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" *and* that Petitioner's unexhausted claims are "potentially meritorious," *and* that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Fairchild*, 579 F.3d at 1152-53. On the record now before me, I do not find that the three prerequisites for the stay-and-abeyance procedure have been met. Similarly, regarding the fourth option, I cannot conclude from the current record that Petitioner's unexhausted claims are plainly meritless.

While the Court could choose the first option and dismiss the mixed petition in its entirety, I believe the better course is the third option because it provides Petitioner "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510. Specifically, I recommend allowing Petitioner thirty days to voluntarily dismiss his unexhausted claims and proceed with his exhausted claim. If Petitioner fails to dismiss the unexhausted claims or provide supplementary evidence of exhaustion, I recommend that the Court dismiss his petition in its entirety.

I further caution Petitioner to carefully consider the potential ramifications of whatever course he chooses. If Petitioner chooses to withdraw his unexhausted claims and pursue only his

exhausted claim in this action, "he could lose the opportunity to litigate his presently unexhausted claims in federal court," because the latter claims could be characterized as "second or successive" in a subsequent federal action under 28 U.S.C. § 2254. *Id.* at 514; *see* 28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194-96 (10th Cir. 1999). On the other hand, if Petitioner chooses *not* to withdraw his unexhausted claims, the Court, which cannot adjudicate unexhausted claims, will dismiss his mixed petition without prejudice. Although Petitioner may then choose to pursue state court remedies for his unexhausted claims, he should assess whether state and/or federal statutes of limitation would bar some or all of his claims (whether exhausted or not) should he try to pursue them later in state and/or federal court. In assessing whether his claims could be time-barred, Petitioner should be aware that, although the one-year statute of limitations to file a federal habeas petition under 28 U.S.C. § 2254 is tolled while a properly-filed application for state post-conviction or other collateral review is pending in state court with respect to the pertinent judgment or claim, 28 U.S.C. § 2244(d)(2), the statute of limitations is *not* tolled during the pendency of a federal habeas petition like the one at issue here. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### III. Recommendation

For the forgoing reasons, I find that Petitioner has failed to exhaust his state remedies as to his second and third claims.

Because his petition is mixed, I recommend that the Court allow Petitioner thirty days to voluntarily dismiss these unexhausted claims or to provide evidence demonstrating exhaustion. If

Petitioner fails to dismiss the unexhausted claims or provide supplementary evidence of exhaustion within this time frame, I recommend that the Court dismiss his petition in its entirety.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**