IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVIS RIGEL,

    Petitioner,

v.                                                  Civ. No. 16-90 RB/SCY

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT, et al.,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       This Proposed Findings and Recommended Disposition addresses Petitioner Rigel's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 and considers whether the State of New Mexico violated Petitioner Rigel's rights under the United States' Constitution when it denied his motion to withdraw his guilty plea to armed robbery and rejected his argument that he was factually innocent of that offense. The state court decisions rejecting Rigel's arguments were neither contrary to law nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As a result, I recommend denying Rigel's petition.[1]

---

[1] The Honorable Robert C. Brack referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 3.

**I.    BACKGROUND**[2]

Petitioner Travis Rigel, proceeding *pro se*, is in custody pursuant to a *Judgment, Partially Suspended Sentence and Commitment*, filed January 14, 2014, in the Second Judicial District Court for the State of New Mexico in consolidated Cause Nos. CR 2009-01961 and CR 2011-03826. Doc. 16-1, Ex. A.  Rigel filed the 28 U.S.C. § 2254 petition that is currently before the Court on February 5, 2016.[3]  Doc. 1.  Although Rigel initially asserted several claims, the Court determined that he failed to exhaust State remedies with regard to all but one of those claims. Doc. 18.  His exhausted claim is that the district court erroneously denied his motion to withdraw his guilty plea. *Id*.  Specifically, Rigel argues that he had insufficient time to consider whether to plead guilty to the armed robbery charge and that he is factually innocent of armed robbery (Doc. 1 at 5, 7, 8, 18, 20).  Rigel has cleared the path to pursuing these arguments through a § 2254 Petition by voluntarily dismissing his unexhausted claims. Doc. 19.  Before analyzing the merits of these arguments, I set forth the relevant background.

   **a.  <u>Underlying District Court Proceedings in CR 2009-01961 and CR 2011-03826</u>**

On April 20, 2009, a state grand jury indicted Petitioner in CR 2009-01961 on fourteen counts in connection with the February 28, 2009, death of Felix Zamora. *See* Ex. BB. On August 18, 2011 -- while Petitioner was in custody awaiting trial in CR 2009-01961 -- a grand jury indicted Petitioner in CR 2011-03826 with one count of possession of a deadly weapon by a prisoner.  *See* Ex. CC.

---

[2] Except as otherwise noted, all citations are to the state court record in CR 2009-01961 and/or the exhibits to Respondents' Answer. *See* Doc. 16-1, 16-2. The Court takes judicial notice of the state court records accessed through the Supreme Court of New Mexico's Secured Online Public Access service. *See Perea v. Hatch*, 2017 WL 3225484, at *1 (D.N.M. July 28, 2017).

[3] Because Petitioner is proceeding pro se, the Court construes his pleadings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*.

The next year, on June 29, 2012, Petitioner appeared before the district court for a change-of-plea hearing. Ex. B. At that time, Robert Tangora, Petitioner's third attorney, represented Petitioner in both cases. *Id*. The district court consolidated both cases for purposes of the plea hearing. Ex. C. At the start of the plea hearing, the State of New Mexico informed the district court that it was filing a criminal information in open court charging Petitioner with a new count in CR 2009-01961 for armed robbery (Count 15) in connection with Mr. Zamora's death. Ex. D; Ex. Y at 2. Petitioner waived a preliminary hearing and presentation to the grand jury on the armed robbery charge. Ex. E. The district court arraigned Petitioner on the armed robbery charge and then proceeded with the plea hearing. Ex. Y at 2-4.

Petitioner entered into a Plea and Disposition Agreement, which the district court approved. Ex. B. In CR 2009-01961. Petitioner pled guilty to second degree murder (Count 1), first degree kidnapping (Count 3), and second degree armed robbery (Count 15).[4] *Id*. In CR 2011-03826, Petitioner pled guilty to possession of a deadly weapon by a prisoner. *Id*. Petitioner's plea agreement included his signed statement that he "reviewed this matter and agree[s] that the plea and disposition are appropriate and are in the best interest of justice." *Id*. The plea agreement also included defense counsel's signed statement that:

> I have discussed this case with my client in detail and have advised the defendant of defendant's constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

*Id*. During the plea hearing, Petitioner stated he had "very thoroughly" discussed with Mr. Tangora the constitutional rights he was giving up by pleading guilty and described himself as "very satisfied" with Mr. Tangora's legal advice and legal representation. Ex. Y at 7-8.

---

[4] The remaining charges in CR 2009-01961 were dismissed under the terms of the plea agreement. Ex. B.

Petitioner's sentencing hearing was scheduled for September 7, 2012. Ex. Z. The hearing was cut short after an individual brought illegal narcotics to the courtroom and allegedly attempted to pass the narcotics to Petitioner before the judge took the bench for the sentencing. *Id*.; *see also* Ex. G. The court continued Petitioner's sentencing to a later date and permitted Mr. Tangora to withdraw as defense counsel. *Id*. On December 19, 2012, Mark Earnest entered his appearance on behalf of Petitioner. Ex. K.

The State moved to void Petitioner's sentencing agreement based on the September 7, 2012, courtroom incident. Ex. G; Ex. Y at 4. Petitioner moved to withdraw his guilty plea, arguing in relevant part that: (1) if Mr. Tangora had pursued a motion to suppress filed by Petitioner's previous attorney,[5] he would not have pled guilty "because he had a good chance of prevailing on such a motion"; (2) he was not apprised of the nature of the armed robbery charge because it was filed on the day of the plea hearing; and (3) he was actually innocent of armed robbery. Ex. L. After a hearing, the district court denied Petitioner's motion to withdraw his guilty plea as well as the State's motion to void the sentencing agreement. Docs. N, O.

On January 14, 2014, the district court entered judgment and sentenced Petitioner to a total consecutive[6] sentence of imprisonment of 51 years, of which 10 years were suspended, for an actual sentence of imprisonment of 41 years to be followed by 2 years on parole and 5 years of supervised probation. Ex. A. The court gave Petitioner credit for 1,577 days pre-sentence

---

[5] Petitioner's second appointed attorney, John McCall, filed a motion to suppress statements Petitioner made during a March 31, 2009, interview with police detectives regarding Mr. Zamora's death as well as any evidence discovered as a result of those statements. *See* Ex. L at 3. This suppression motion was pending at the time Petitioner pled guilty. *Id*.

[6] The district court sentenced Petitioner to 15 years imprisonment for second degree murder, 18 years for kidnapping, 9 years for armed robbery, and 9 years for possession of a deadly weapon. The court ordered Petitioner to serve these sentences consecutively.

4

confinement as well as any post-sentence confinement prior to his transfer to the New Mexico Corrections Department. *Id.*

    **b.** **Appeal to New Mexico Court of Appeals and New Mexico Supreme Court**

On February 12, 2014, Petitioner filed a direct appeal to the New Mexico Court of Appeals. Doc. Q. The sole issue Petitioner raised on appeal was that the district court erroneously denied his motion to withdraw his guilty plea. Doc. R. Petitioner argued that the district court should have granted the motion to withdraw because "he was not apprised of the nature of at least one of the crimes to which he was pleading guilty, specifically the armed robbery charge and he was, in fact, factually innocent of that charge." *Id.* at 9.

After the New Mexico Court of Appeals proposed summary affirmance, Petitioner filed a memorandum in opposition. Doc. S, Doc. T. In addition to the above arguments, Petitioner asserted that his trial counsel should have pursued the motion to suppress. Doc. T at 1-2. Petitioner acknowledged that Mr. Tangora testified at the hearing on the withdrawal motion "that he had advised [Petitioner] about what the offense of armed robbery entailed and that they had discussed such a plea prior to the date of the guilty plea hearing." *Id.* Mr. Tangora also testified that "he did not pursue prior counsel's motion to suppress because he was focused on getting [Petitioner] the benefit of a plea deal." *Id.* at 2. In his briefing, Petitioner requested a "limited remand to permit an evidentiary hearing as to whether he experienced ineffective assistance of counsel." *Id.* at 2-3.

On December 16, 2014, the New Mexico Court of Appeals affirmed Petitioner's convictions, holding that the district court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea. Doc. U. The court noted that the district court held a hearing on the withdrawal motion "at which evidence was introduced establishing that [Petitioner] had

5

been properly advised by counsel prior to the plea hearing." *Id*. at 2. The court determined that Petitioner failed to offer "any reason to believe that such consultation [with his trial counsel] was insufficient to allow [Petitioner] to understand the contents of the plea agreement, including the nature of the charges to which he pled and to enter a knowing and voluntary plea to those charges." *Id*.

In addition, to the extent Petitioner was "suggesting that his counsel provided ineffective assistance in connection with the plea", the court determined that the record was insufficient to address such a claim and that "the preferred procedure [wa]s to leave the matter for resolution in habeas corpus proceedings." *Id*. at 3.

Petitioner timely petitioned the New Mexico Supreme Court for a writ of certiorari limited to the question of whether the district court abused its discretion in denying his motion to withdraw the guilty plea. Ex. V. The New Mexico Supreme Court denied certiorari (Ex. W), and the mandate issued on April 22, 2015. Ex. X.

   c. **Petitioner's State Habeas Proceeding**

Approximately four months after Petitioner filed this federal habeas lawsuit, he filed a form *Motion to Amend Judgment and Sentence* in state district court. On June 15, 2016, the state court entered summary dismissal on all but one of the issues raised in Petitioner's motion to amend. The sole issue that survived was Petitioner's "claim of ineffective assistance of counsel based on his assertion that trial counsel should have pursued other avenues of defense, including a motion to suppress statements made to law enforcement." The district court indicated it would resolve this issue through a state habeas corpus proceeding and appointed counsel to represent Petitioner in that proceeding. The state district court held an evidentiary hearing in that

6

proceeding on January 18, 2019, but the state docket sheet does not reflect that a decision has been entered.

## II. ANALYSIS

### a. **Standard of Review**

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's petition for a writ of habeas corpus where the prisoner is held "in violation of the Constitution or laws or treaties of the United States," and has, with certain exceptions not relevant here, exhausted state court remedies. 28 U.S.C. § 2254(a)-(c). Pursuant to Section 2254(d), when the prisoner's claims have been adjudicated on the merits in state court, such a petition can only be granted if the state court's decision was contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id.* "Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see also Bell*, 535 U.S. at 694 ("[A]n unreasonable application is different from an incorrect one."). "Evaluating whether a rule application was unreasonable requires considering

the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The state court need not cite to United States Supreme Court cases, or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Indeed, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning" at all. *Harrington*, 562 U.S. at 98; *see also Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) ("Section 2254(d) applies even where there has been a summary denial."); *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) ("[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated.") (emphasis in original).

Review under Section 2254(d) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181, 185 n.7; *Black v. Workman*, 682 F.3d 880, 895 (10th Cir. 2012). Such review must be "highly deferential." *Cullen*, 563 U.S. at 181; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "The petitioner carries the burden of proof." *Cullen*, 563 U.S. at 181.

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet, that is because it was meant to be. . . . [Section] 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that

8

habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.

*Harrington*, 562 U.S. at 102-03 (citations and internal quotation marks omitted).

In Section 2254 proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Welch*, 639 F.3d at 991 ("We presume the factual findings of the state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence."). A petitioner is "entitled to an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005) (citation and internal quotation marks omitted). However, factual allegations must be "specific and particularized, not general or conclusory." *Id.* at 858-59. "Moreover, an evidentiary hearing is unnecessary if the claim can be resolved on the record." *Id.* at 859.

> [B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. In practical effect . . . this means that when the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing.

*Cullen*, 563 U.S. at 183 (citations and internal quotation marks omitted).

### b. **Whether the state court unreasonably determined that Rigel had insufficient time to consider whether to plead guilty to Armed Robbery**

Rigel makes the same argument in his § 2254 Petition that he repeatedly made in his State proceedings: he did not have enough time to consider whether he should plead guilty to Armed Robbery because the State "slipped" this charge in by filing it the same day he entered his guilty plea to a number of consolidated charges. Doc. 1 at 17. In making this argument, Rigel

9

does not specifically identify the clearly established law he claims is contrary to the state court decision. The United States Supreme Court, however, long ago held that an involuntary guilty plea stands in derogation to "[s]everal federal constitutional rights." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). In arguing that he did not have enough time to consider the charges against him and whether he should enter a guilty plea, Rigel is arguing that his guilty plea was not knowing and voluntary. *See* Doc. 1 at 19 (arguing that circumstances of his guilty plea prevented him from knowingly and voluntarily waiving his rights).

Although it would be unconstitutional for the state district court to accept a guilty plea that was not knowing and voluntary, the record does not support a finding that Rigel's guilty plea to Armed Robbery was either unknowing or involuntary. I agree with the New Mexico Court of Appeals that Rigel had sufficient time to consider the new Armed Robbery charges filed against him and whether it was in his best interests to plead guilty to that charge as part of a plea agreement that consolidated several charges from different cases. In its Proposed Summary Disposition, the New Mexico Court of Appeals determined, "[b]ased on the facts recited in Defendant's docketing statement and appearing in the record proper, it does not appear that the district court abused its discretion in denying Defendant's motion to withdraw his guilty plea. To the contrary, it appears that there was sufficient evidence before the district court that Defendant understood the contents of the plea agreement, understood the nature of the charges that were the subject of his plea, and knowingly and voluntarily pled guilty to those charges." Exh. S, Doc. 16 at 88.

Indeed, in his Memorandum in Opposition to the Proposed Summary Affirmance, Rigel himself acknowledged this evidence. As Rigel stated through his appellate counsel, "[p]lea counsel . . . testified that he had advised [Rigel] about what the offense of armed robbery entailed

and that they had discussed such a plea prior to the date of the guilty plea hearing." Ex. T, Doc. 16 at 92. Thus, although it appears that while the State did not formally file its Armed Robbery Information against Rigel until the day of his change of plea hearing, Rigel and his counsel understood beforehand that these charges were going to be filed and discussed Rigel's pleading guilty to these charges prior to the plea hearing date. As a result, the New Mexico Court of Appeals found that Rigel did "not offer any reason to believe that such consultation was insufficient to allow Defendant to understand the contents of the plea agreement, including the nature of the charges to which he pled and to enter a knowing and voluntary plea to those charges." Exh. U, NM Ct. App. Mem. Op., Doc. 16 at 98.

Given the evidence that Rigel and his counsel discussed the Armed Robbery charges that were going to be filed against him and the implications of pleading guilty to those charges as part of a consolidated plea agreement, Rigel has failed to carry his burden of proof. The factual determination that Rigel and his counsel discussed pleading guilty to the Armed Robbery charge in advance of his plea hearing is presumed to be correct and Rigel has not presented clear and convincing evidence to rebut this presumption. The facts do not establish a violation of clearly established federal law and Rigel has failed to cite any law in support of his contention that the circumstances under which he entered his guilty plea rendered that plea involuntary. Therefore, I recommend that the Court reject Rigel's argument that he had insufficient time to consider the Armed Robbery charges filed against him and whether to plead guilty to those charges, and that this resulted in a violation of his constitutional rights.

c. **Whether Rigel's claim of actual innocence entitles him to § 2254 relief**

In addition to arguing that he had insufficient time to consider the Armed Robbery charge and whether to plead guilty to that charge, Rigel argues that he is actually innocent of that

11

charge. Doc. 1 at 8. At the outset, I note that the "Supreme Court has 'not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.'" *Doe v. Jones*, 762 F.3d 1174, 1176 (10th Cir. 2014) (quoting *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931 (2013)).  Even if such a path were procedurally available to Rigel, however, it would not lead to the destination he desires.

The Armed Robbery Information the State filed alleges that Rigel took credit cards from the alleged victim in the case, was armed with a firearm, and threatened use of force or violence. Exh. R, Doc. 16 at 77.  Rigel clearly pled guilty to this charge. Doc. 16 at 22.  After the district court denied his motion to withdraw his guilty plea, Rigel claimed on appeal that, in spite of his guilty plea, he was actually innocent.  He claimed that the State had no "independent evidence" to support the Armed Robbery charge, asserts that he had told police that his co-defendant "obtained the victim's credit cards when Mr. Rigel was nowhere around" and "is, in fact, innocent . . .." Exh. R, Doc. 16 at 78.  In his § 2254 petition, Rigel repeats his assertion that it was his co-defendant who committed the robbery and that he was "not even present" at the time. Doc. 1 at 20.

In its Notice of Summary Disposition, the New Mexico Court of Appeals noted Rigel's claim of innocence (Exh. S, Doc. 16 at 86), but nonetheless proposed to affirm the judgment and sentence entered by the state district court "[b]ecause there appears to have been evidence before the district court that would have supported a finding that Defendant knowingly and voluntarily entered his plea of guilty to the crimes at issue in this appeal . . . ." Exh. S, Doc. 16 at 89.  The question for the Court, then, is whether a state court violates the United States Constitution by not allowing a defendant who pleads guilty and then later proclaims his innocence to withdraw his guilty plea.  Defendant has cited no decision from the United States Supreme Court (or from

any other court) that establishes a criminal defendant has such a right, and I am unaware of any such decision. As a result, even assuming Rigel can properly assert a freestanding claim of actual innocence, the Court should reject his argument because he has failed to demonstrate that the state court's rejection of his post-sentencing actual innocence claim violated clearly established federal law.

## III. RECOMMENDATION

I recommend that the Court deny Rigel's § 2254 petition.

I further recommend that Petitioner is not entitled to a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (finding that to be entitled to a certificate of appealability, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further").

                                                                              *[signature: Steve Yarbrough]*
                                                                              UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**