# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TRAVIS RIGEL,

    Petitioner,

v.                                                                                                                No. Civ. 16-0090 RB/SCY

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT, et al.,

    Respondents.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Travis Rigel's pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) The Court referred this petition to United States Magistrate Judge Steven C. Yarbrough for entry of proposed findings and a recommended disposition. (Doc. 3.) On February 20, 2019, Judge Yarbrough entered Proposed Findings and Recommended Disposition (PFRD) recommending that the Petition be denied and that Petitioner is not entitled to a Certificate of Appealability. (Doc. 20.) Having conducted de novo review of the matter, the Court adopts the PFRD and denies the Petition.

    I.      Dismissal of Unexhausted Claims

The Petition was filed as a Mixed Petition, bringing both exhausted and unexhausted claims. On January 4, 2019, Judge Yarbrough entered a PFRD recommending that Petitioner be allowed 30 days to voluntarily dismiss his unexhausted claims or to provide evidence demonstrating exhaustion. (Doc. 17.) The parties did not file objections to the PFRD, and the Court entered an Order Adopting the PFRD on January 25, 2019. (Doc. 18.)

Petitioner proceeded to file a Notice of Voluntary Dismissal of Unexhausted Claims on January 28, 2019. (Doc. 19.) Under Rule 41, a voluntary dismissal filed after the opposing party

serves an answer requires a stipulation signed by all parties. Fed. R. Civ. P. 41(1)(A)(ii). In all other situations, a court order is required. Fed. R. Civ. P. 41(a)(2). Respondent has appeared and served an answer in this matter. (*See* Doc. 16.) Respondent's consent to dismissal was, therefore, required for voluntary dismissal under Rule 41(a)(1), but no consent appears on the filing of voluntary dismissal. (*See* Doc. 19.)

The Court nonetheless finds dismissal of the unexhausted claims to be proper. Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The Court finds the explanation of the need for dismissal of unexhausted claims is sufficient. *See id.* (listing "insufficient explanation of the need for a dismissal" as a factor to consider). (*See also* Doc. 17 at 9–10 (setting forth the consequences of failing to dismiss unexhausted claims).) Thus, the Court will enter an order dismissing the unexhausted claims without prejudice.

II. Exhausted Claims

On February 20, 2019, Judge Yarbrough entered the PFRD recommending denial of the one exhausted claim in the Petition. (Doc. 20.) Judge Yarbrough determined that the single exhausted claim remaining in the case was "whether the State of New Mexico violated Petitioner Rigel's rights under the United States' Constitution when it denied his motion to withdraw his guilty plea to armed robbery and rejected his argument that he was factually innocent of that offense." (*Id.* at 1.)

As background, Judge Yarbrough explained that on April 20, 2009, a state grand jury indicted Petitioner on 14 counts in connection with the February 28, 2009 death of Felix Zamora.

(*Id.* at 2.) On June 29, 2012, Petitioner appeared before the state district court for a change-of-plea hearing. (*Id.* at 3.) At the start of the plea hearing, the State of New Mexico informed the district court that it was filing a criminal information in open court charging Petitioner with a new count for armed robbery. (*Id.*) The State alleged that Rigel took credit cards from the victim in the case, was armed with a firearm, and threatened use of force or violence. (*Id.* at 12.) The district court approved a plea of guilty to second degree murder, first degree kidnapping, and second degree armed robbery. (*Id.* at 3.) Later, Petitioner moved to withdraw his plea of guilty to the armed robbery, arguing that he did not have sufficient time to consider the nature of the armed robbery charges against him, and that he was actually innocent of the armed robbery charge. (*Id.* at 4.) The district court denied the motion. (*Id.*) On direct appeal, the New Mexico Court of Appeals affirmed Petitioner's convictions, holding that the district court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea. (*Id.* at 5.)

Judge Yarbrough found that the state decision was not clearly contrary to established law or an unreasonable determination of the facts. (*Id.* at 9–12.) The state court record supported the determination that Petitioner and his counsel discussed the Armed Robbery charges that were going to be filed against him and the implications of pleading guilty to those charges as part of a consolidated plea agreement. (*Id.* at 11.) Therefore, Judge Yarbrough found that Petitioner failed to establish that the state court decision was based on an unreasonable determination of the facts. Further, Judge Yarbrough found that no clearly established law undermined the state court finding that the plea was knowing and voluntary. (*Id.* at 11–12 (no clearly established law that "a defendant who pleads guilty and then later proclaims his innocence [may] withdraw his guilty plea").)

In addition, Petitioner argued that his co-defendant "obtained the victim's credit cards when Mr. Rigel was nowhere around" and that Petitioner "is, in fact, innocent . . . ." (*Id.* at 12

3

(quoting Ex. R; Doc. 16 at 78).) Judge Yarbrough also rejected this argument and, therefore, recommended denying the petition. (*Id.* at 13.)

Petitioner requested an extension of time within which to file objections. (Doc. 21.) Judge Yarbrough granted the request in part, extending the time to file objections until March 19, 2019. (Doc. 23.) On March 14, Petitioner filed objections and attached "the autopsy reports which include time of death on Felix Zamora." (*Id.* at 1.) He asserts that "these documents will show that I am factually innocent of the armed robbery." (*Id.*)

Petitioner's objections do not focus on the alleged constitutional violation that provides him a potential procedural path to habeas relief. Specifically, Petitioner's potential path to habeas relief is through his argument that his guilty plea was unconstitutional because it was involuntary. To succeed on this argument, Petitioner would have to show that the state court decision denying his motion to withdraw his guilty plea is an unreasonable determination of the facts or contrary to law. The Court agrees with Judge Yarbrough's determination that the record does not support Petitioner's claim that his guilty pleas was involuntary. Given Defendant's failure to demonstrate that his guilty plea was involuntary, the question then becomes, as Judge Yarbrough noted, "whether a state court violates the United States' Constitution by not allowing a defendant who pleads guilty and then later proclaims his innocence to withdraw his guilty plea." (Doc. 20 at 12.) The Supreme Court has never clearly established this right under the federal constitution. *See United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) ("Defendants do not have an absolute right to withdraw a guilty plea."). Because petitioner has not demonstrated that the state court's decision was contrary to clearly established federal law, he is not entitled to habeas relief.

By focusing his objections on the question of whether he is actually innocent rather than on whether the state court's refusal to allow him to withdraw his guilty plea was (1) contrary to

clearly established federal law or (2) based on an unreasonable determination of the facts, Petitioner appears to be attempting to support a freestanding claim of innocence. In other words, Petitioner appears to be asserting a claim of innocence that is not tethered to the criteria set forth in § 2254(d). *See Case v. Hatch*, 731 F.3d 1015, 1036 (10th Cir. 2013) ("One type of innocence case involves freestanding claims of actual innocence even if the 'conviction and sentence were entirely fair and error free.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 314 (1995))). As Judge Yarbrough pointed out, the "Supreme Court has 'not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.'" *Doe v. Jones*, 762 F.3d 1174, 1176 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)).

Even if Petitioner could bring a freestanding claim of actual innocence, however, Petitioner's objections and his submission of the autopsy report do little to nothing to support such a claim. Petitioner emphasizes that the Office of the Medical Investigator ("OMI") pronounced Felix Zamora dead on April 2, 2009 at 15:00 hours. (Doc. 24 at 7.) The date OMI pronounced Felix dead appears to be the same date a medical investigator was called to his burial site. (*Id.* at 17.) The date OMI exhumed Felix and pronounced him dead, however, does not appear to be the same date Felix died. Nor can Petitioner credibly claim Felix died on the date he was exhumed, as Petitioner confessed to murdering Felix more than a month earlier, on February 28. (*Id.* at 5.) In any event, the connection between the time OMI exhumed Felix and pronounced him dead, and the question of whether Petitioner robbed Felix of his credit cards when he murdered him over a month before, is not clear. Nothing Petitioner has presented establishes such a connection or otherwise undermines the validity of his guilty plea. *Cf. Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (habeas petitioner's "plea of guilty simply undermines his claim that another

5

individual committed the crime to which he pled guilty" (collecting cases)). The Court therefore overrules the objections and denies the petition.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's unexhausted claims are hereby **DISMISSED WITHOUT PREJUDICE**, pursuant to his Notice of Voluntary Dismissal (Doc. 19);

2. The PFRD (Doc. 20) is **ADOPTED**;

3. Defendant's Objections (Doc. 24) are **OVERRULED**; and

4. Defendant's Petition (ECF No. 1) is **DENIED**.

5. A certificate of appealability will not issue.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE